UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN MELEIKA,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**BAYONNE POLICE DEPARTMENT, CITY OF BAYONNE, BAYONNE MEDICAL CENTER,**<br><br>        **Defendants.** | Civ. No. 21-19793 (KM)(CLW)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

      Steven Meleika has filed a civil rights action pursuant to 42 U.S.C. § 1983, naming the City of Bayonne and the Bayonne Police Department as defendants. Mr. Meleika is a serial filer of lawsuits against the Cities of Bayonne and Jersey City, and other parties.[1] In one of these, *Meleika v. City of*

---

[1] The court's docket lists the following cases in which Mr. Meleika is named as plaintiff:

    2:17-cv-01958-KM-MAH MELEIKA v. BAYONNE POLICE DEPARTMENT et al filed 03/22/17   closed 05/07/20

    2:17-cv-01959-KM-MAH MELEIKA v. JERSEY CITY POLICE DEPARTMENT et al filed 03/22/17   closed 01/31/19

    2:17-cv-01960-KM-MAH MELEIKA v. HUDSON COUNTY CORRECTIONAL CENTER et al filed 03/22/17

    2:17-cv-05759-KM-MAH MELEIKA v. JERSEY CITY MEDICAL CENTER et al filed 08/04/17   closed 11/16/20

    2:19-cv-20916-KM-MAH MELEIKA v. STATE OF NEW JERSEY et al filed 12/02/19

    2:21-cv-11394-KM-JBC MELEIKA v. CITY OF BAYONNE filed 05/18/21

    2:21-cv-16720-KM-CLW MELEIKA v. INSTAGRAM filed 09/09/21   closed 09/13/21

*Bayonne, et al.,* 21-cv-11394, I filed an opinion and order dismissing the amended complaint without prejudice to amendment. That decision was filed on October 21, 2021. On November 5, 2021, Mr. Meleika filed the complaint in the above-captioned action, which names the same defendants and appears to involve similar, but perhaps not the same, subject matter. The various lawsuits reveal a pattern in which the police are called to Mr. Meleika's home, sometimes at the behest of his parents, and he sues.

As before, I will grant *in forma pauperis* status and excuse the filing fee. For the reasons expressed below, I will dismiss Mr. Meleika's complaint on initial screening. The complaint is therefore dismissed without prejudice.

## I.    Standard

Because this court has granted *in forma pauperis* status, it is obligated to screen the allegations of the amended complaint to determine whether it

(i)    is frivolous or malicious;

(ii)   fails to state a claim on which relief may be granted; or

(iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

---

2:21-cv-18221-KM-CLW MELEIKA v. CITY OF BAYONNE filed 10/07/21 closed 10/14/21

2:21-cv-19242-KM-CLW MELEIKA v. BAYONNE POLICE DEPARTMENT et al filed 10/22/21   closed 12/07/21

2:21-cv-20776-KM MELEIKA v. HUDSON COUNTY SUPERIOR COURT filed 12/29/2021

2:21-cv-20794-KM-JBC MELEIKA v. UNITED STATES DISTRICT COURT filed 12/29/21

2:21-cv-20794-KM-JBC MELEIKA v. UNITED STATES DISTRICT COURT filed 12/29/21

2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna,* No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), report and recommendation adopted, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## II.   Factual Allegations

The complaint in this matter alleges that, on August 5, 2021, the following incident occurred:

> Plaintiff had medical physical problem and not mental. Police responded to a missing persons call. The family got into a fight

> displaying covid symptoms and left in the truck and left the plaintiff.

(DE 1 at 4.)  Under "injuries, the complaint states:

- Violation of 4th amendment rights
- 14th amendment right
- emotional stress
- false arrest
- malicious prosecution

(*Id.* at 5)

Attached to the complaint is a statement, titled "Amended brief," which explains further. It reads as follows:

> The court has confused 2 separate cases one involves a welfare check because of noise and he was not taken to the hospital and the other welfare check came weeks after as a separate incident that required hospitalization. The plaintiff can sue anyone that deprives or violated his civil rights under section 1983 and not only state or federal government officials. The plaintiff was seized and taken to the Bayonne medical center by the police violating his 4th amendment right and 14th amendment right. The Bayonne police are not medical professionals to make medical decisions. The plaintiff and his family were displaying COVID symptoms and the family got into a fight and they went into their truck and left leaving the plaintiff to file a missing persons report. The police located the family and checked Mr. Steven Meleika into the hospital. The plaintiff alleges a unlawful seizure as the rights that were violated and a deprivation of liberty as well as unlawful detainment such as false arrest and malicious prosecution in this case Bayonne medical center in not a defendant. The defendants are the city of Bayonne and the Bayonne police department.

(DE 1 at 7)[2]

---

[2]   It is unclear whether these facts overlap with those alleged in one of the filings in the earlier action. My earlier opinion discussed it thus:

> Mr. Meleika has also filed a "Brief." (DE 15) In this Brief, Mr. Meleika explains that he was a victim of "swatting and false calls." It describes what is apparently a wholly different incident. At some unspecified time, he was taken to the hospital by the police; he implies that this was related to a suspicion that he had COVID, although this is not entirely

4

Mr. Meleika also attaches a report from the Bayonne Medical Center. Without revealing details, a serious psychiatric diagnosis is made, and a number of medications are listed. The patient is discharged and given a followup appointment. (DE 1 at 9–14)

### III.    Discussion: The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. That statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a claim for relief under section 1983, a plaintiff must allege: (1) the violation of a right under the Constitution or laws of the United States; and (2) that the person acting under color of state law committed or cause the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennyslvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Ross v. Graf*, No. 19CV20534NLHMJS, 2021 WL 4452651, at *2 (D.N.J. Sept. 29, 2021).

#### A.    Bayonne Medical Center

Plaintiff acknowledges in his complaint that he is not suing Bayonne Medical Center in this particular complaint. The complaint is dismissed as against Bayonne Medical Center.

---

clear. He states that he is suing because he needs funds to buy a ranch house and move out of his parents' home. A digression follows, the upshot of which is that he is filing malicious prosecution suits in the hope of gaining the means to live on his own and start a family. (Civ. 21-11394 DE 15)

### B. Bayonne Police Department

The amended complaint must also be dismissed against the Bayonne Police Department. A New Jersey police department is not a separate legal entity, but a department of the municipality. N.J. Stat. Ann. § 40A-14-118 (municipal police department is "an executive and enforcement function of municipal government"); *see also Padilla v. Twp. of Cherry Hill,* 110 Fed. Appx. 272, 278 (3d Cir. 2004); *Mitchell v. City of Jersey City,* No. 15-CV-6907 (KM), 2016 WL 1381379, at *1 n.1 (D.N.J. Apr. 7, 2016).

Therefore, for claims against the Bayonne Police Department, the proper defendant is the City of Bayonne itself. The Complaint is dismissed as against the Bayonne Police Department.

### C. City of Bayonne

The only remaining defendant is the City of Bayonne.

The complaint expresses disagreement with the decision of the police to transport him to Bayonne Medical Center, stating that he was physically ill, but the police misinterpreted his symptoms as mental. It does not state grounds for believing that the police violated the U.S. Constitution. Still less does it contain any plausible allegations that would overcome qualified immunity. As plaintiff acknowledges, the police cannot diagnose medical conditions, but must make a lay judgment as to whether professional attention is required. The complaint, on its face, particularly the exhibits, only corroborates that the police could reasonably have believed that the plaintiff required psychiatric attention. The police, it appears from the face of the complaint, were responding to some sort of family fight and a "missing persons report" filed by Mr. Meleika in response to his parents having departed in their truck. No arrest or prosecution—malicious, false or otherwise—is alleged.

Nor does the amended complaint allege facts suggesting that any wrongdoing by the police would be attributable to the City. A municipality cannot be liable under section 1983 for the unconstitutional acts of its employees on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Section 1983 would require facts suggesting an

unconstitutional municipal policy, practice, or custom. *See id.* at 690-91. A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." *Noble v. City of Camden,* 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted). Similarly, a "[c]ustom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law is so well-settled and permanent as virtually to constitute law." *Id.* (internal quotation and citations omitted).

For Meleika to plausibly plead a *Monell* claim, he must identify the unconstitutional policy or custom, attribute it to the City of Bayonne itself, and show a causal link between the execution of that policy and a violation of Meleika's constitutional rights. *See Ross v. Graf,* No. 19CV20534NLHMJS, 2021 WL 4452651, at *4 (D.N.J. Sept. 29, 2021); *Harley v. City of New Jersey City,* No. 16-5135, 2017 WL 2779466, at *7-8 (D.N.J. June 27, 2017). At the pleading stage, this burden is sometimes met by allegations of a formal policy, or else by allegations that policymakers were aware of similar unlawful conduct but that their policies failed to guard against future violations. *See Est. of Roman v. City of Newark,* 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder,* 95 F.3d 1199, 1213 (3d Cir. 1996)).

A *Monell* claim may also be premised on a municipality's failure to train, supervise, and discipline. A plaintiff pleading a claim based on a failure to train, supervise, and/or discipline is required to "demonstrate that a city's failure to train its employees 'reflects a deliberate or conscious choice.'" *Id.* at 798-800 (quoting *Brown v. Muhlenberg Township,* 269 F.3d 205, 215 (3d Cir. 2001)). Deliberate indifference is plausibly pled by allegations that "(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* at 798 (quoting *Doe v. Luzerne County,* 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)).

7

The complaint fails to state a *Monell* claim against the City of Bayonne. Meleika has not plausibly alleged that the City of Bayonne enacted a policy or custom that might have resulted in his alleged harms.

The amended complaint is therefore dismissed against the City of Bayonne.

### IV.   Conclusion

For the reasons stated above, the Complaint is **DISMISSED** upon initial screening pursuant to 28 U.S.C. § 1915(e). This dismissal is without prejudice to the filing of a proposed amended complaint within 30 days. If no such amended complaint is received, this dismissal will become a dismissal with prejudice.

An appropriate order accompanies this opinion.

Dated: February 18, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**